UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| THE UNITED STATES OF AMERICA | 05-CR-15E |
| -vs- | MEMORANDUM and |
| RICHARD VEGA | ORDER[1] |

---

      Defendant Richard Vega is charged in counts 1 and 3 of a three-count indictment with violations of 21 U.S.C. §§841(a)(1) and 846 and 18 U.S.C. §2 — specifically, with conspiracy to possess with intent to distribute 100 grams or more of a mixture and substance containing heroin (count 1) and with unlawful possession with intent to distribute heroin (count 3).  On March 14, 2005 Vega filed an omnibus motion seeking, *inter alia*, to suppress evidence of approximately 654 grams of heroin seized from a vehicle he was driving on January 4, 2005.  On May 24, 2005 Magistrate Judge Leslie G. Foschio issued a Report and Recommendation ("the R&R") in which he concluded that Vega's motion to suppress should be denied because Vega had failed to establish a possessory interest in the vehicle searched and, alternatively, because the agents had probable cause to search the vehicle.  On June 7, 2005 Vega filed objections to the R&R.  The government filed a response on July 20, 2005.  The objections were argued and submitted on July 29, 2005.

---

[1] This decision may be cited in whole or in any part.

The relevant facts are taken from Drug Enforcement Administration agent Mark F. Gentile's affidavit in support of the criminal complaint. On January 3, 2005, a confidential informant ("the CI") contacted agent Gentile advising that the CI could obtain a sample of heroin on January 4, 2005. On January 4, agents began surveillance of the CI and observed him meeting with several individuals, subsequently identified as Victor Quinones, Juan Jimenez and Osvaldo Jimenez, in a Pennsylvania-registered Chevrolet Impala. From those individuals, the CI procured a sample of a substance which field-tested positive for heroin. The CI then made arrangements to purchase one-half kilogram of heroin.

The agents continued their surveillance of the CI and the individuals in the Impala and observed them arrive at 24 Argus Street in Buffalo, New York. At that address, Victor Quinones exited the Impala and entered a blue Honda Accord being driven by defendant Richard Vega. Both the Impala and the Accord left the Argus Street address and proceeded south toward the Skyway, at which time the agents directed an Erie County Deputy Sheriff to stop both vehicles. Once the vehicles were stopped, the agents observed a black napkin wrapped around approximately 654 grams of heroin in plain view on the floorboards of the Accord.

Vega made a motion to suppress the heroin, arguing that he had a legitimate expectation of privacy in the Accord he was operating and therefore the warrantless search and seizure violated his Fourth Amendment rights. In the R&R, the Magistrate Judge concluded that Vega's motion to suppress the heroin

should be denied without an evidentiary hearing because Vega had failed to allege facts demonstrating a possessory interest in the Accord, and thus had failed to establish his standing to contest the search of the Accord and seizure of the heroin.  In his objections, Vega argues first that his possessory interest in the Accord is established by the facts of the case and secondly that the agents lacked probable cause to stop his vehicle, requiring that the heroin be suppressed.

The district court reviews *de novo* the portions of an R&R to which objections have been filed.  *See* 28 U.S.C. § 636(b)(1)(A).  If a party fails to object to a particular portion of an R&R, further review thereof is generally precluded.  *See Mario* v. *P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).  Furthermore, on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge.  *See Paterson-Leitch Co., Inc.* v. *Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).  Herein, upon *de novo* review of the R&R and after reviewing the submissions and hearing argument from the parties, the Court adopts the proposed findings and conclusions of the R&R.

"[A] defendant is obligated to show that he had a legitimate expectation of privacy in the area searched before he can invoke the protection of the Fourth Amendment."  *United States* v. *Smith*, 621 F.2d 483, 486 (2d Cir. 1980).  "[I]n order to challenge a search, a defendant must submit an affidavit from someone with

personal knowledge demonstrating sufficient facts to show that [the defendant] had a legally cognizable privacy interest in the searched premises at the time of the search." *United States* v. *Ruggiero*, 824 F. Supp. 379, 391 (S.D.N.Y. 1993), *aff'd sub nom. United States* v. *Aulicino*, 44 F.3d 1102 (2d Cir. 1995)(internal citations omitted).

Vega failed to submit — by affidavit or otherwise — any evidence demonstrating his ownership of the Accord or that he had the permission of the registered owner to use the Accord. The affidavit in support of the omnibus motion submitted by Vega's counsel — which affidavit is made upon information and belief — alleges only that Vega was operating the Accord and lawfully traveling on a public thoroughfare at the time it was pulled over by the agents. *See* Torres's Affidavit at ¶¶33, 34. Neither assertion, even if made upon personal knowledge, is sufficient to establish Vega's right to challenge the search of the Accord and the seizure of the heroin on Fourth Amendment grounds. "[M]ere occupancy [or control] of a car does not demonstrate the required 'legitimate basis'" to challenge a search on Fourth Amendment grounds. *Ruggiero*, *supra*, at 392. Vega's argument that his "ownership and operation" of the Accord are established by the reference to "Vega's vehicle" in the government's affidavit opposing his motion to suppress and by agent Gentile's affidavit in support of the criminal complaint is patently without merit. *See* Objections at 5.

Furthermore, as the Magistrate Judge found, even if Vega had successfully demonstrated his interest in the Accord, the warrantless search was justified by the "automobile exception" to the Fourth Amendment warrant requirement. "Police may conduct a warrantless search of a readily mobile motor vehicle if probable cause exists to believe the vehicle contains contraband or other evidence of a crime." *United States* v. *Gaskin*, 364 F.3d 438, 456 (2d Cir. 2004) (citations omitted). Probable cause exists "where the facts and circumstances within *** the officer's knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that evidence of a crime will be found in the place to be searched." *Ibid.* (citations and quotations omitted). "The standard does not demand certainty but only a fair probability that contraband or evidence of a crime will be found." *Ibid*. (citations omitted).

Here, the agents' surveillance revealed that the individuals in the Impala, including Victor Quinones, had provided a sample of a substance to the CI. That sample had tested positive for heroin. The individuals in the Impala had then agreed to provide the CI with one-half kilogram of heroin. After making such arrangements, the individuals had met with Vega at the Argus Street address and Quinones had entered the Accord with Vega. Based on all of the facts and circumstances existing on January 4, 2005, the agents had probable cause to

believe that contraband or other evidence of a crime would be found in the Accord, justifying the warrantless search.

Accordingly, it is hereby **ORDERED** that Vega's objections to the R&R are denied and the R&R is adopted in its entirety.

DATED:   Buffalo, N.Y.

August 16, 2005

*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.